IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER KURT REICHENBACH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-1100 |

O R D E R

AND NOW, this 26th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises a single argument on appeal: the Administrative Law Judge ("ALJ") erred by failing to explain why he omitted a persuasive limitation from Plaintiff's residual functional capacity ("RFC") and relying on the vocational expert's ("VE") testimony, which Plaintiff alleges presents an unresolved conflict with the RFC. (Doc. No. 9). The Court finds the ALJ did not overlook the alleged "persuasive limitation" and therefore the ALJ's RFC finding is supported by substantial evidence.

Plaintiff's argument centers on the opinions of Drs. Erin Urbanowicz, Psy. D., and Virginia Martin, Psy.D. Specifically, Plaintiff contends that the ALJ found these consultants' opinions to be persuasive as to how they opined that Plaintiff could carry out simple instructions consisting of no more than one to two steps. (*Id.* at 4-11). However, Plaintiff overlooks that while these sources did opine that he could only carry out one to two-step instructions, the ALJ found these opinions only "generally persuasive" (R. 24) and was under no obligation to adopt all of the limitations to which these doctors opined. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx 254, 256 (3d Cir. 2014) (stating "[a]s an initial matter, no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight."). Accordingly, the ALJ's RFC limiting Plaintiff to "carrying out and remembering simple instructions," was not inherently improper because it did not adopt the consultants' language verbatim. (R. 19). The ALJ adequately explained the basis for his RFC findings, and these findings are supported by substantial evidence.

Further, the Court finds no merit in Plaintiff's argument that the VE's testimony presents an unresolved conflict with the RFC. (Doc. No. 9 at 10-11). Specifically, Plaintiff contends there is a conflict between the ALJ's RFC, which he contends "vaguely referenced 'simple instructions'" and the occupations to which the VE cited, which involved reasoning levels of 2, 3, and 4, thereby precluding jobs with only one or two-step instructions. (*Id.* at 10). However, as discussed above, the ALJ did not limit him to the ability to follow simple one or two-step instructions, which might have triggered concern about his ability to perform jobs that require a reasoning level of 2. *See Harden v. Comm'r of Soc. Sec.*, No. 13-906, 2014 WL 4792294, at *5 (W.D. Pa. 2014). Rather, the limitation was to carrying out and remembering simple instructions. There is no bright-line rule that a job with a reasoning level of 3 conflicts with a limitation to simple instructions. *See Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014) (showing the Third Circuit has expressly declined to find that there is a *per se* conflict between jobs with a limitation to simple, routine tasks, and jobs requiring level 3 reasoning); *Hess v. Comm'r*, 931 F.3d 198, 210-11 (3d Cir. 2019) (stating "[a] limitation to 'simple tasks' is fundamentally the same as one 'to jobs requiring understanding, remembering, and

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:        Counsel of record

---

carrying out only simple instructions and making only simple work-related decisions[.]"). While there is some question whether the identified job with a reasoning level of 4 conflicts with Plaintiff's limitations to "carrying out and remembering simple instructions," the ALJ met his burden of proving Plaintiff could perform jobs available in "significant numbers in the national economy" by identifying jobs with level 2 and 3 reasoning levels. (R. 63); 20 C.F.R. § 404.1566(b). The VE's testimony that there were about 135,000 positions as an office helper and 57,000 jobs as a non-postal mail clerk available nationally, (R. 28), was sufficient to meet the Commissioner's burden because both positions required only reasoning levels of 2 and 3. *See Young v. Astrue*, 519 Fed. Appx 769, 772 (3d Cir. 2013) (stating "testimony from the vocational expert that 20,000 jobs were available in the national economy is sufficient to support a finding that work exists in significant numbers"). Accordingly, Plaintiff's argument on this point fails.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.